Citation Nr: 1319525 
Decision Date: 06/17/13 Archive Date: 06/27/13

DOCKET NO. 10-15 092 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial compensable rating for service-connected bilateral hearing loss.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

C. Hancock, Counsel

INTRODUCTION

The Veteran served on active duty from September 1951 to February 1960.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from an April 2009 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida which granted service connection and assigned an initial noncompensable rating for bilateral hearing loss, effective from October 18, 2006. 

The Veteran requested to be afforded a video conference hearing to be conducted by a Veterans Law Judge. He was notified by the RO, via a letter dated in September 2012, that his hearing was scheduled for October 2012. However, the record indicates that the Veteran failed to appear for his hearing. Accordingly, the Veteran's hearing request is considered withdrawn. See 38 C.F.R. § 20.704(e) (2012).

The Board remanded the claim in December 2012 so that additional development of the evidence could be conducted. As discussed below, the Board finds that there was not substantial compliance with its February 2012 remand; thus, it may not proceed with a decision at this time.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, the development ordered in the December 2012 remains to be completed. Accordingly, another remand is regretfully required. Stegall v. West, 11 Vet. App. 268 (1998).

Pursuant to the recent remand, the Veteran was afforded a VA audiology examination in January 2013; however, the examination is inadequate. The examining audiologist commented that the reported puretone thresholds were obtained with good reliability, however, a conductive component was evident in the right ear and it is possible that right ear thresholds are subject to change with medical evaluation/treatment. The examiner also commented that speech recognition scores obtained in connection with the examination were "in poor agreement with observed communication abilities and prior test results (especially for the left ear, with comparable thresholds and presentation levels)." Acoustic reflexes could not be tested on the right side due to inability to maintain a seal. The examiner recommended that the Veteran seek medical evaluation for abnormal tympanogram, conductive hearing loss component, and decreased right ear hearing acuity. 

The examiner raised questions about the validity of the test results but recommended further evaluation which may alleviate the problem or explain the difference. It is unclear whether the Veteran underwent further evaluation or whether the effect on his hearing was temporary. Another examination is necessary. When the medical evidence is inadequate, VA must supplement the record by seeking an advisory opinion or ordering another medical examination. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate). 

Accordingly, the case is remanded for the following action:

1. Obtain the names and addresses of all medical care providers who treated the Veteran for ear complaints since January 2013. After securing the necessary release, obtain these records.

2. After completion of the foregoing, schedule the Veteran for a VA audiological examination to determine the severity of his service-connected bilateral hearing loss. The claims file must be made available to the examiner for review. All pertinent symptomatology and findings must be reported in detail. Any indicated diagnostic tests and studies, to include an audiogram and Maryland CNC test, must be accomplished. The VA examiner must also describe the functional effects of the Veteran's service-connected bilateral hearing loss on his occupational functioning and daily activities. 

3. Notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655. In the event that the Veteran does not report for the aforementioned examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

4. After the development requested has been completed, the RO/AMC must review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO/AMC must implement corrective procedures at once. 

5. Following the above, readjudicate the claim. If the benefit on appeal remains denied, a supplemental statement of the case must be issued, and the Veteran and his representative must be afforded an opportunity to respond. Thereafter, the case must be returned to the Board for appellate review.

The purpose of this REMAND is to ensure due process. The Board does not intimate any opinion as to the merits of the case, either favorable or unfavorable, at this time. No action is required of the Veteran until he is notified. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).